COOLEY LLP
BENEDICT HUR (SBN: 224018)
(bhur@cooley.com)
JONATHAN PATCHEN (SBN: 237346)
(jpatchen@cooley.com)
MICHAEL ROME (SBN: 272345)
(mrome@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

ELIZABETH B. PRELOGAR (SBN: 262026)
(eprelogar@cooley.com)
RAYMOND P. TOLENTINO (*Admitted Pro Hac Vice*)
(rtolentino@cooley.com)
EPHRAIM A. MCDOWELL (*Admitted Pro Hac Vice*)
(emcdowell@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

*Attorneys for Plaintiffs*
*Google LLC and YouTube, LLC*

*[Additional Counsel on Following Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC and YOUTUBE, LLC, | Case No. C 5:25-cv-09795-EJD |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ROB BONTA, in his official capacity as Attorney General of California, | |
| Defendant. | |

1  ROB BONTA
   Attorney General of California
2  TODD GRABARSKY
   LARA HADDAD
3  Supervising Deputy Attorneys General
4  ASHA ALBUQUERQUE (SBN 332901)
   WILLIAM BELLAMY (SBN 347029)
5  SHIWON CHOE (SBN 320041)
   CHRISTOPHER J. KISSEL (SBN 333937)
6  SAMUEL SOKOLSKY (SBN 348173)
7  ZELDA VASSAR (SBN 313789)
   Deputy Attorneys General
8  **CALIFORNIA DEPARTMENT OF JUSTICE**
9  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
10 (415) 510-4400
   asha.albuquerque@doj.ca.gov
11 william.bellamy@doj.ca.gov
   shiwon.choe@doj.ca.gov
12 christopher.kissel@doj.ca.gov
   samuel.sokolsky@doj.ca.gov
13 zelda.vassar@doj.ca.gov

14

15 *Attorneys for Defendant Rob Bonta, in his*
16 *official capacity as Attorney General of California*

17

18

19

20

21

22

23

24

25

26

27

28

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL (COMPETITOR)" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.  For purposes of this case only, for Defendant, "Outside Counsel of Record" includes attorneys employed by the California Department of Justice (1) who have appeared in the case on behalf of Defendant or (2) with responsibility for working on or supervising this case whom Defendant has identified to Plaintiff and who have been advised of the terms of this Stipulated Protective Order and the obligation under this Stipulated Protective Order to keep the Protected Material confidential and to use the Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not any other litigation, investigations, or enforcement actions. For California Department of Justice attorneys who have not appeared in the action but otherwise qualify as "Outside Counsel of Record" under part (2) in the preceding sentence, Defendant shall provide the names of those attorneys to Plaintiffs at the time they sign Exhibit A

2.11    Party: any party to this action.

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL (COMPETITOR)."

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

3.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL

(COMPETITOR)." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)") to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the

court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL (COMPETITOR)" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. The California Department of Justice agrees to use Protected Material only in connection with this litigation and not any other litigation or enforcement actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to

with the provisions of Section 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

---

commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knew the information; and

(h)     mediators, arbitrators, or other dispute resolution neutrals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL (COMPETITOR)" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)     the Court and its personnel;

(d)     stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, Rule 30(b)(6) witnesses of the Designating Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that the material was produced by, originated with,

or contains communications with or by the Party on whose behalf the witness is testifying. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knew the information; and

(g)     mediators, arbitrators, or other dispute resolution neutrals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL (COMPETITOR)" pursuant to paragraphs 7.3(b) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL (COMPETITOR)" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL (COMPETITOR)" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

COOLEY LLP
ATTORNEYS AT LAW

1    trial, during the preceding five years.[4]

2              (b)    A Party that makes a request and provides the information specified in the

3    preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

4    unless, within seven days of delivering the request, the Party receives a written objection from the

5    Designating Party. Any such objection must set forth in detail the grounds on which it is based.

6              (c)    A Party that receives a timely written objection must meet and confer with

7    the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

8    agreement within two days of the written objection. The Parties may extend this deadline upon

9    mutual consent. If no agreement is reached, the Party seeking to make the disclosure to the Expert

10   may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

11   5, if applicable) seeking permission from the Court to do so. Any such motion must describe the

12   circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is

13   reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

14   additional means that could be used to reduce that risk. In addition, any such motion must be

15   accompanied by a competent declaration describing the parties' efforts to resolve the matter by

16   agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the

17   reasons advanced by the Designating Party for its refusal to approve the disclosure.  Any response

18   by the Designating Party must be filed within four days of the motion. The Parties may extend this

19   deadline upon mutual consent and may renegotiate the timing in provisions 7(b)-(c) after the

20   preliminary injunction phase of this case.

21             (d)    In any such proceeding, the Party opposing disclosure to the Expert shall

22   bear the burden of proving that the risk of harm that the disclosure would entail (under the

23   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

24   its Expert.

25             (e)    A party who has not previously objected to disclosure of Protected Material

26

27   [4]  It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited outside work beyond the
Expert's work in this litigation, prior to the termination of the litigation that could foreseeably result in an improper use of the
Designating Party's "HIGHLY CONFIDENTIAL (COMPETITOR)" information. Nothing in this footnote shall be construed to
28   restrict or limit the Expert's work in this litigation.

COOLEY LLP
ATTORNEYS AT LAW

11                                    STIPULATED PROTECTIVE ORDER
Case No. 5:25-cv-09795-EJD

to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely[6] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[6] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 8(a) to seek a protective order.

confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[7] Absent a court order to the contrary, the Non-Party

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1    shall bear the burden and expense of seeking protection in this Court of its Protected Material.

2    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

5    the Receiving Party must immediately (a) notify in writing the Designating Party of the

6    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

7    Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

8    terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10        If a Receiving Party or person authorized to access Protected Material ("Authorized

11   Recipient") discovers any loss of Protected Material or a breach of security, including any actual

12   or suspected unauthorized access, relating to another party's Protected Material, the Receiving

13   Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly

14   (within 72 hours) provide written notice to Designating Party of such breach, including information

15   regarding the size, scope, and impact of the breach; (3) investigate and make reasonable efforts to

16   remediate the effects of the breach; (4) provide Designating Party with assurance reasonably

17   satisfactory to the Designating Party that the breach shall not recur; and (5) reasonably cooperate

18   with the Designating Party and law enforcement in investigating and responding to any such

19   security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all

20   necessary and appropriate corrective action to terminate any unauthorized access.

21   11.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

22        When a Producing Party gives notice to Receiving Parties that certain produced material is

23   subject to a claim of privilege or other protection (such material, "Protected Material"), the

24   obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

25   26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an

26   e-discovery order that provides for production without prior privilege review. If information is

27   produced in discovery that is subject to a claim of privilege or of protection as trial-preparation

28   material, the party making the claim may notify any party that received the information of the claim

and shall at a minimum identify for each claim: the Protected Material, by bates number, that it is recalling and the privilege or protection asserted.  Additionally, during the preliminary injunction phase of this case, the party making the claim must provide a redacted copy of the Protected Material ("Redacted Material"), eliminating information that it considers privileged or protected but otherwise reproducing the Protected Material within 5 days, unless the party claims that the entirety of the Protected Material is privileged or protected. If the above timeline to provide Protected Material would put filings and deadlines in jeopardy, the parties agree to meet and confer to timely provide redacted copies to the extent not unduly burdensome. After being notified, a party must promptly take reasonable steps to return or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.  During the preliminary injunction phase of the case, the Producing Party shall provide a privilege log entry for the Protected Material within seven days of the date of the written notice so that the Receiving Party may properly evaluate the privilege or protection asserted and decide whether to challenge the designation.  Nothing herein prevents a party from reviewing, referring to, quoting, citing, relying upon, or otherwise using the Redacted Material. The deadlines set forth in this paragraph shall be renegotiated following the preliminary injunction phase of the case.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.4    <u>Export Control</u>. Except to the extent permitted by law, no Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Nationality Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may

1    be amended through the consent of the Producing Party to the extent that such agreed to procedures

2    conform with applicable export control laws and regulations.

3        12.5    <u>Filing Protected Material</u>. Without written permission from the Designating Party

4    or a Court order secured after appropriate notice to all interested persons, a Party may not file in

5    the public record in this action any Protected Material. A Party that seeks to file under seal any

6    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

7    under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

8    issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

9    Rule 79-5(f) is denied by the court, then the Receiving Party may file the Protected Material in the

10   public record only if so directed by the court.

11       At any point, a Party may seek to designate and protect previously produced Protected

12   Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any

13   applicable court orders regarding the procedures for HSD/HSI.

14       12.6    <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of a

15   two business days' notice to the Designating Party in the event that a Party intends to use any

16   Protected Material during any hearing or trial.  Subject to any challenges under Section 6, the

17   Parties will not oppose any reasonable request by the Designating Party that the courtroom be

18   sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument

19   relating to or involving the use of any Protected Material.

20       12.7    <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or

21   impede Outside Counsel of Record's ability to communicate with or advise their client in

22   connection with this litigation based on such counsel's review and evaluation of Protected Material,

23   provided however that such communications or advice shall not disclose or reveal the substance or

24   content of any Protected Material other than as permitted under this Order.

25       12.8    <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as

26   described above, the Party violating this Order shall be subject to sanctions, or any other remedies

27   as appropriate, as ordered by the Court.

28       12.9    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of

this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

12.10  <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services.[8]  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology and instance to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

---

[8] Such restrictions shall, at a minimum, prohibit the disclosure or use of Protected Material in any large language models or artificial intelligence services that are accessible to the public or will capture entered data in order to train what is accessible by the public.

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, court filings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL (COMPETITOR)" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 23, 2025          /s/ Elizabeth B. Prelogar
                                  Elizabeth B. Prelogar

                                  Attorneys for Plaintiffs


Dated: December 22, 2025          /s/ Christopher J. Kissel
                                  Rob Bonta
                                  Attorney General of California
                                  Todd Grabarsky
                                  Lara Haddad
                                  Supervising Deputy Attorneys General
                                  Christopher J. Kissel (SBN 333937)
                                  Deputy Attorney General

                                  Attorneys for Defendant

Cooley LLP
Attorneys at Law

19

STIPULATED PROTECTIVE ORDER
Case No. 5:25-cv-09795-EJD

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that the content of this document is acceptable to all other signatories listed and that I obtained authorization to file this document, indicated by a /s/ in lieu of signature(s) on this document.

Dated: December 23, 2025

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 23, 2025

GRANTED

Judge Nathanael M. Cousins

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Google LLC et al v. Bonta*, No. 5:25-cv-09795. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                     [signature]