ROB BONTA
Attorney General of California
TODD GRABARSKY
LARA HADDAD
Supervising Deputy Attorneys General
ASHA ALBUQUERQUE (SBN 332901)
WILLIAM BELLAMY (SBN 347029)
SHIWON CHOE (SBN 320041)
CHRISTOPHER J. KISSEL (SBN 333937)
SAMUEL SOKOLSKY (SBN 348173)
MEGHAN H. STRONG (SBN 324503)
ZELDA VASSAR (SBN 313789)
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3584
Fax: (415) 703-5480
E-mail: Asha.Albuquerque@doj.ca.gov
William.Bellamy@doj.ca.gov
Shiwon.Choe@doj.ca.gov
Christopher.Kissel@doj.ca.gov
Samuel.Sokolsky@doj.ca.gov
Meghan.Strong@doj.ca.gov
Zelda.Vassar@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **TIKTOK INC, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>Defendant. | Case No. 5:25-cv-09789-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: October 22, 2026<br>Time: 9:00 a.m.<br>Dept: 4 (Fifth Floor)<br>Judge: The Honorable Edward J. Davila |

| | |
|---|---|
| **META PLATFORMS, INC.,**<br><br>Plaintiff,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>Defendant. | Case No. 5:25-cv-09792-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: March 13, 2025<br>Time: 9:00 a.m.<br>Dept: 4 (Fifth Floor)<br>Judge: The Honorable Edward J. Davila |
| **GOOGLE LLC et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>Defendant. | Case No. 5:25-cv-09795-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: October 22, 2026<br>Time: 9:00 a.m.<br>Dept: 4 (Fifth Floor)<br>Judge: The Honorable Edward J. Davila |

## INTRODUCTION

California's Protecting Our Kids from Social Media Addiction Act (Senate Bill No. 976, or "SB976") regulates addictive feeds—that is, algorithmically ordered scrolls of material that internet platforms show a user to maximize the user's time and engagement on the platform, generated through the platform's monitoring of the user's online activity and personal data—as they relate to minors. SB976 (enacted as Cal. Health & Safety Code §§ 27000–07). Plaintiffs challenged that law, but this Court denied their motions for preliminary injunctions, and thus plaintiffs now seek to delay proceedings—including discovery—pending their appeal of that ruling. But there is no good reason to do so, for this case will proceed into discovery and beyond *regardless* of the outcome of the appeal. As the Court explained, its narrow ruling was merely a denial of Plaintiffs' request for "a *preliminary* injunction" based on the current record, and its assessment of Plaintiffs' claims could change with "further factual development." *TikTok Inc. v. Bonta* ("*TikTok*"), No. 5:25-cv-09789-EJD, ECF No. 106; *Meta Platforms, Inc. v. Bonta* ("*Meta*"), No. 5:25-cv-09792-EJD, ECF No. 126; *Google LLC v. Bonta* ("*Google*"), No. 5:25-cv-09795-EJD, ECF No. 105 ("MPI Order") at 22 (emphasis in original).

In addition, Defendant maintains a strong interest in continuing to litigate this case towards final judgment to have further clarity on the constitutional challenges of an important law designed to protect the health and wellbeing of California's children, as the Legislature intended. And Plaintiffs have not shown any meaningful hardship or prejudice with participating in discovery they will have to engage in anyway, regardless of the outcome of their appeal. Therefore, pausing the litigation during Plaintiffs' interlocutory appeal of a preliminary, fact-bound order denying their motions for preliminary injunction—a pause that may extend for a lengthy period—serves neither the parties' interests nor the orderly course of justice.

Plaintiffs' motion to stay proceedings pending appeal should be denied.

## BACKGROUND

The Court is well familiar with the facts and procedural background of this case. Defendant therefore only presents a summary of the background pertinent to the motion to stay proceedings pending appeal that is presently before the Court.

On September 20, 2024, Governor Gavin Newsom signed SB976 into law. NetChoice, an association of technology companies, initially filed suit seeking to block SB976, but this Court denied NetChoice's request for a preliminary injunction in large part. After an appeal, the Ninth Circuit issued a mandate in November 2025 allowing certain provisions of SB976 to go into effect, including the provisions regulating addictive feeds with respect to minors using the platforms. *NetChoice, LLC v. Bonta*, Case No. 25-146, ECF No. 76 (9th Cir. 2025). That same month, Plaintiffs filed the present lawsuits challenging those provisions under the First Amendment and moving for preliminary injunctions. *TikTok*, ECF No. 20; *Meta*, ECF No. 19; *Google*, ECF No. 23.

The parties engaged in initial discovery. Plaintiffs' productions to Defendant in these cases consisted of a subset of the exhibits that had been attached to the Omnibus Opposition to Defendants' Motions for Summary Judgment filed in the *In re Social Media Adolescent Addiction/Personal Liability Litigation* pending before Judge Gonzalez Rogers, No. 4:22-md-03047-YGR, ECF No. 2480 ("MSJ Opposition"). *See* No. 5:25-cv-09792-EJD, ECF Nos. 35, 44.[1] Based on the record compiled from that initial discovery, as well as multiple rounds of briefing, expert reports, and briefs from amici, the court issued a fact-bound ruling on the preliminary-injunction motions, holding that—at this stage of the litigation—Plaintiffs had not met their burden of showing that their algorithms were expressive and entitled to protection under the First Amendment. MPI Order 7–9. The Court noted that it was merely denying Plaintiffs' request for "a *preliminary* injunction" based on the current record, and that its assessment of Plaintiffs' claims could change with "further factual development." *Id.* at 22 (emphasis in

---

[1] During the preliminary-injunction phase of the litigation, Defendant did not seek to take discovery of Plaintiffs beyond the exhibits to the *In re Social Media Adolescent Addiction* MSJ Opposition (which exhibits Plaintiffs would have been able to reproduce in these cases without any burden). Even there, Plaintiffs objected to providing Defendants all exhibits relating to their companies (excluding the fourth defendant in that case) and ultimately produced only a subset of the exhibits to the MSJ Opposition.

original).

Plaintiffs have each appealed that decision to the Ninth Circuit. *TikTok*, ECF No. 110; *Meta*, ECF No. 130; *Google*, ECF No. 108. They also moved in this Court for injunctions pending appeal, which this Court denied. *TikTok*, ECF No. 119; *Meta*, ECF No. 141; *Google*, ECF No. 115 ("IPA Order"). Plaintiffs are now seeking the same relief at the Ninth Circuit, *TikTok Inc. v. Bonta*, No. 26-5121, ECF No. 6; *Meta Platforms, Inc. v. Bonta*, No. 26-5120, ECF No. 6; *Google LLC v. Bonta*, No. 26-5132, ECF No. 12, which Defendant has opposed, *TikTok Inc. v. Bonta*, No. 26-5121, ECF No. 9; *Meta Platforms, Inc. v. Bonta*, No. 26-5120, ECF No. 9; *Google LLC v. Bonta*, No. 26-5132, ECF No. 15. Plaintiffs' appeals have been consolidated, and each Plaintiff submitted its merits opening brief on September 8, 2026. *TikTok Inc. v. Bonta*, No. 26-5121, ECF No. 7, 12; *Meta Platforms, Inc. v. Bonta*, No. 26-5120, ECF No. 7, 15; *Google LLC v. Bonta*, No. 26-5132, ECF No. 13, 16. Defendant's consolidated answering brief is due on October 6, 2026, and Plaintiffs' optional reply briefs are due October 27, 2026. *Id.* Oral argument has not yet been set for this case.

In the district court proceedings, the Initial Case Management Conference is scheduled for October 22, 2026, the same day as the hearing on this motion. *TikTok*, ECF No. 125; *Meta*, ECF No. 147; *Google*, ECF No. 120. Defendant's deadline to answer or otherwise respond to the Complaint is October 26, 2026. *TikTok*, ECF No. 124; *Meta*, ECF No. 146; *Google*, ECF No. 119.

Plaintiffs now move this Court to stay all proceedings pending the outcome of their appeal. *TikTok*, ECF No. 123; *Meta*, ECF No. 145; *Google*, ECF No. 118 ("Stay Motion").

## ARGUMENT

As a "general principle," "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). That inherent power of docket control encompasses the discretion to decide when a stay of proceedings is appropriate. *Id.* When considering a stay request, courts weigh various interests, including "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in

being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). A determination of how to weigh these factors is committed to the court's discretion. *See Landis*, 299 U.S. at 254. As the moving party, Plaintiffs bear the burden of demonstrating that a stay is appropriate. *Finjan, Inc. v. Symantec Corp*., 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015). They have failed to meet that burden.

*First*, "the orderly course of justice" does not require a stay primarily because the parties will need to proceed with this case—including discovery—*regardless* of the outcome of the pending interlocutory appeal of the Court's denial of purely preliminary relief on a fact-intensive issue. Indeed, the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). As the Ninth Circuit explained:

> Because of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.

*Id.* at 584 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)). In other words, because of the preliminary and interlocutory nature of the relief Plaintiffs now seek in the Ninth Circuit, and the likelihood that any Ninth Circuit holding will be limited to the facts before it on the early posture of the case, it would be *more* efficient, not less, to proceed to discovery now rather than delay any further.

Plaintiffs argue that "the issues that the parties would brief at the summary judgment stage are the very issues that they already briefed in the context of Plaintiffs' preliminary-injunction motions now on appeal," Stay Motion 4–5, and that the Court should grant "a limited stay to allow the appellate court to resolve the threshold First Amendment issue at the heart of Plaintiffs' cases," *id.* at 5. However, Plaintiffs' appeal is of this Court's preliminary order, which took care to "note[] that this is a *preliminary* injunction" on the current record and that things could change upon further factual development. MPI Order 22 (emphasis original). Thus, while potentially

helpful on certain issues, the outcome of the appeal may not dramatically change the way this case proceeds at the district court level such that it should be stayed. *See Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *2 (W.D. Wash. Aug. 13, 2020) (denying stay where "regardless" of the outcome of a Supreme Court case that would potentially simplify issues "discovery will need to take place in this case"); *Matthews v. Lemonade Ins. Co*., 809 F. Supp. 3d 1076, 1085 (S.D. Cal. 2025) (denying stay where "[r]egardless of the outcome" of an overlapping case, the moving party "will still have to produce discovery").

Here, although the parties developed a robust record for the preliminary-injunction litigation, there is still much more evidence that could be developed concerning, for example, how Plaintiffs' platforms and personalized feed algorithms work. For example, Defendant had no opportunity to take independent document discovery of Plaintiffs beyond the limited subset of exhibits to the *In re Social Media Adolescent Addiction* MSJ Opposition that Plaintiffs have produced during the preliminary-injunction phase; no opportunity to issue interrogatories; and no opportunity to depose Plaintiffs' fact or expert witnesses. This discovery is plainly relevant to these cases, no matter the outcome of Plaintiffs' appeals. *See NetChoice LLC v. Bonta*, 152 F.4th 1002, 1022 (9th Cir. 2025) (in cases involving "recommendation algorithms or how they work. . . . record development matters."). Accordingly, as this case would proceed roughly equivalently regardless of the Ninth Circuit's decision, the "orderly course of justice" supports allowing it to proceed alongside the pending appeals. *CMAX, Inc.*, 300 F.2d at 268.

Plaintiffs also argue that the Court should stay further proceedings to avoid "an unnecessary 'expenditure of judicial resources.'" Stay Motion 5 (citing *Cardenas v. AmeriCredit Fin. Servs. Inc*., 2011 WL 846070, at *4 (N.D. Cal. Mar. 8, 2011)). But Plaintiffs fail to explain what judicial resources would be unnecessarily expended absent a stay. After the Parties have their Rule 26(f) Conference, discovery will begin. This process will take place largely between the parties with little need for Court intervention. Currently, there is no cutoff date set for motions for summary judgment, there is not yet any trial date, and—as Plaintiffs assert acknowledge—their appeal will be heard on a "compressed schedule." Stay Motion 8. It is thus unlikely that

this case will proceed to the summary judgment phase prior to a decision from the Ninth Circuit. Accordingly, there does not appear to be a need to expend judicial resources in the immediate future. *See Cardenas*, 2011 WL 846070, at *4 (staying case to save judicial resources expended from proceedings including "preparing for and conducting a trial").

Plaintiffs similarly fail to identify what "inconsistent rulings and resulting confusion" may result absent a stay. Stay Motion 7 (citing *Harville v. Three Wishes Foods, Inc*., No. 5:22-cv-04774-EJD, 2023 WL 4535476, at *3 (N.D. Cal. July 13, 2023)). Again, this case will need to proceed with discovery regardless, and there is no cutoff date set for motions for summary judgment. There is accordingly no reason to believe at this point in the litigation that the parties will have to brief the merits of this case before the Ninth Circuit resolves the interlocutory appeal.

*Second*, Plaintiffs fail to show that they would face hardship or inequity absent a stay. Plaintiffs argue that because they anticipate "Defendant will subject them to onerous and wide-ranging discovery demands that could easily be rendered moot by the Ninth Circuit's forthcoming decision," this case should be stayed. Stay Motion 3. But Plaintiffs fail to explain how a ruling from the Ninth Circuit could "moot" any discovery requests about matters central to this case—such as whether Plaintiffs' feeds are expressive and whether SB976 passes constitutional muster—that will need to be litigated regardless of what happens on appeal.

Plaintiffs' complaints of incurring litigation costs cannot be the basis for a stay. *See, e.g.*, *Lathrop v. Uber Techs., Inc*., No. 14-cv-5678-JST, 2016 WL 97511, at *4–5 (N.D. Cal. 2016) (denying a stay where discovery would be required regardless of the outcome of the other case, and explaining that "additional discovery" was insufficient hardship to warrant a stay); *Reed v. Autonation, Inc*., No. 16-cv-8916-BRO-AGR, 2017 WL 10592157, at *5 (C.D. Cal. Mar. 6, 2017) (finding that, despite a possibility plaintiff's class claims could be mooted, defendant failed to meet its burden when its "clear case of hardship or inequity" was only costly discovery). This is especially true here, given that *Plaintiffs* themselves are the ones who chose to bring these cases—cases that they now wish to delay litigating. *See, e.g.*, *Sarieddine v. Connected Int'l Inc.*, No. 2:22-CV-02168-DJC-AC, 2025 WL 958204, at *3 (E.D. Cal. Mar. 31, 2025) ("Plaintiff

therefore cannot point to the ordinary burdens of the litigation process, which he has undertaken himself, as evidence of hardship or inequity").

Further, Plaintiffs have each already produced significant related documents and other discovery in *In re Social Media Adolescent Addiction* litigation, much of which is highly relevant to this litigation. Attorneys at the California Department of Justice already have access to much of these productions from Meta and TikTok—but counsel in this case are prevented from accessing these documents due to protective orders in the respective consumer-protection law enforcement actions against Meta and TikTok. As each Plaintiff has already produced many of the relevant documents in connection with *In re Social Media Adolescent Addiction*, re-producing these documents in response to Defendant's discovery requests is much less burdensome that Plaintiffs try to suggest. *See, e.g.*, *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (burden of reproducing materials that were previously produced "should be slight"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (similar). For example, Plaintiffs will have already searched for responsive documents, and they will have already reviewed responsive documents for purposes of determining confidentiality or privilege. And here, Plaintiffs' claimed burdens are even more dubious, given that the parties have already entered into protective orders in each case. In short, because the parties are not litigating this case on a blank slate, the burdens imposed by additional discovery while Plaintiffs appeals are pending are not so substantial as to justify staying all proceedings.

Defendant does not mean to suggest that discovery in the present cases would or should be limited to *only* documents that have been produced in *In re Social Media Adolescent Addiction*. Defendant has the right to conduct his own discovery for information and materials relevant to these cases, even if they were not part of the discovery in that case. But it is indisputable that the discovery in these cases and the discovery in *In re Social Media Adolescent Addiction* overlap substantially. The document record compiled just to date (all of which came from *In re Social Media Adolescent Addiction*) confirms this: the documents Plaintiffs have produced in *In re Social Media Adolescent Addiction* are relevant to how Plaintiffs' algorithms work and the harms that their algorithms cause. *See, e.g.*, *TikTok*, ECF No. 45; *Meta*, ECF No. 63; *YouTube*, ECF No.

47 (“MPI Opposition”) at 4–22 (citing *In re Social Media Adolescent Addiction* MSJ Opposition exhibits); *TikTok*, ECF No. 90; *Meta*, ECF No. 111; *YouTube*, ECF No. 89 (“MPI Sur-Reply”) at 6–16 (same). Re-producing in these cases at least Plaintiffs’ full discovery productions from *In re Social Media Adolescent Addiction* (which have already been reviewed for confidentiality and privilege) could be done at the push of a button and would therefore impose a minimal burden on Plaintiffs.

*Third*, Defendant has a strong interest in continuing to litigate this case towards final judgment in a timely manner. For one thing, delaying the proceedings would cause Defendant substantial harm. SB976 is a crucial piece of legislation crafted to advance California’s paramount interest in protecting the physical and psychological well-being of children from the dangers of Plaintiffs’ addictive, personalized feeds. *See, e.g.*, *Sable Commc’ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989). Accordingly, even though the addictive-feed provisions of SB976 are not currently preliminarily enjoined, Defendant has a strong interest in reaching final judgment to have final clarity on the constitutionality of such an important piece of legislation. Should the Ninth Circuit reverse this Court’s order denying Plaintiffs’ motions for preliminary injunctions, Defendant will be prevented from enforcing SB976 and thus will have all the more reason for the case to reach final judgment as promptly as possible. *See AFL-CIO v. Trump*, 148 F.4th 648, 656 (9th Cir. 2025).

Additionally, any delay of proceedings in this case would harm Defendant by increasing the risk that critical evidence will become unavailable. *See Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) (finding that delay can “increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party”). Indeed, “[u]nnecessary delay inherently increases the risk that witnesses’ memories will fade and evidence will become stale.” *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Critical witnesses, including current and past employees of Plaintiffs may become unavailable or have their recollection of important facts fade. It is possible that witnesses’ memories “have already begun to degrade” and, over the indefinite period that Plaintiffs seek to stay this case,

their memories "will only degrade further." *Morad v. City of Long Beach*, No. 16-CV-06785-MWFA-JW, 2017 WL 5187826, at *8 (C.D. Cal. Apr. 28, 2017).

Plaintiffs argue in response that the harm to Defendant will be minimal because the Ninth Circuit has adopted a "compressed schedule" for their preliminary-injunction appeals. *See* Stay Motion 8. But the timing of any delay pending appeal is uncertain. *See, e.g.*, 9th Cir. R. 3-3, 34-3 (not requiring Court to issue a ruling on preliminary-injunction appeal within a certain timeframe); *NetChoice, LLC v. Bonta*, Case No. 25-146 (9th Cir. 2025) (eight months between appeal and issuance of opinion, and two more months before issuance of mandate); *see also Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019) ("[A] stay's precise duration will generally be uncertain when based on proceedings before an independent adjudicative body."). If Plaintiffs were to pursue further appellate proceedings, any delay would only be further prolonged. There is no reason for this Court to accept a delay of uncertain duration when the parties could continue the work of discovery and other proceedings aimed at moving this case toward final judgment in a timely manner. *See Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST, 2018 WL 3349183, at *3 (N.D. Cal. July 9, 2018) (denying stay when multiple layers of appeals made the length of the stay open-ended and potentially lengthy).

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motions to stay proceedings.

Dated: September 10, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
LARA HADDAD
Supervising Deputy Attorneys General

*/s/ Samuel Sokolsky*
ASHA ALBUQUERQUE
WILLIAM BELLAMY
SHIWON CHOE
CHRISTOPHER J. KISSEL
SAMUEL SOKOLSKY
MEGHAN H. STRONG
ZELDA VASSAR
Deputy Attorneys General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*